PRIGGEN STEEL BUILDINGS COMPANY *vs.* LESLIE E. PARSONS & others.

Suffolk. December 6, 1965. — January 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Bills and Notes,* Indorser. *Sale,* Conditional sale. *Assignment for Benefit of Creditors. Uniform Commercial Code,* Secured party.

An indorser of a promissory note executed by a corporation in conjunction with the conditional sale to it by the payee of a portable metal building was not discharged from liability to the payee under G. L. c. 106, § 3-414 (1), for a balance due on the note by the facts that after default by the corporation under the note and conditional sale agreement it made an assignment for the benefit of its creditors and the payee assented thereto and accepted a final dividend from the assignee, and that the building was repossessed and sold as permitted by §§ 9-503, 9-504, where it appeared that the payee had never proposed under § 9-505 (2) to keep the repossessed building "in satisfaction of the obligation," and in the assent to the assignment there was within § 3-606 (1) (a) an "express reservation of rights" by the payee in the building under the conditional sale agreement and against the indorser of the note.

BILL IN EQUITY filed in the Superior Court on January 26, 1961.

The suit was heard by *Good, J.,* on a master's report.

*Mark E. Gallagher, Jr.,* for the defendants.

*Harold M. Linsky (Arthur E. Nicholson* with him) for the plaintiff.

SPALDING, J.  The defendants Leslie E. Parsons and Parsons Fuel Company, Inc. appeal from a final decree which adjudged Parsons and Walter L. Roy indebted to the plaintiff, Priggen Steel Buildings Company (Priggen), in the amount of $9,210.06 plus interest.[1]  Parsons and Roy were the indorsers of a promissory note for $16,827.50 executed by Turnpike Marine, Inc. (Turnpike) to Priggen on October 22, 1958, in conjunction with the conditional sale to Turnpike of a portable metal building.  A master found that about a year later Turnpike defaulted in its payment under the terms of both the note and the conditional sale agreement.  Thereafter an assignment for the benefit of creditors was made on behalf of Turnpike to which Priggen assented, expressly reserving its rights in the building under the conditional sale agreement and its rights against Parsons and Roy as indorsers of the note.  Pursuant to the assignment, Priggen accepted a final dividend of $625.58.  The City Bank & Trust Company, assignee of the note, then notified Turnpike of its intention to repossess and remove the building.  On behalf of the bank Priggen thereafter repossessed and disposed of the building for a net sale price of $6,527.01.  The liability established against Parsons and Roy represents the balance of the sum due under the terms of the agreement and the note.

The defendants contend that the agreement is defective under G. L. c. 106, § 9–505 (2) (Uniform Commercial Code), and that Parsons' obligation as indorser was discharged either by Priggen's repossession of the building or by its acceptance of the dividend from Turnpike's assignee under the assignment for the benefit of creditors.  There is no merit to these contentions.  Section 9–505 (2) is applicable

---

[1] This suit was begun as a bill to reach and apply property allegedly transferred to Parsons Fuel Company, Inc. to defraud creditors, but the decree granted no relief against this defendant.

only where the secured party proposes to keep the collateral "in satisfaction of the obligation." No such proposal was made here. Sections 9–503 and 9–504 permitted the repossession and subsequent sale of the property. Section 3–606 (1) does not operate to discharge Parsons' obligation on the note by virtue of Priggen's assent to the assignment for creditors and acceptance of the final dividend thereunder because an "express reservation of rights" (§ 3–606 [1] [a]) was made both in the note and in the letter of assent to the assignment. Parsons' liability as indorser is governed by § 3–414 (1).

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*